UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **RAY E. EARLS, JR.**<br>5378 Palisades Drive<br>Cincinnati, OH 45238<br><br>    Plaintiff<br><br>vs.<br><br>**OMNICARE, INC.**<br>c/o Statutory Agent<br>100 E. RiverCenter Boulevard<br>Covington, KY 41011<br><br>    Defendant | CASE NO.: **1:14cv499**<br><br>JUDGE:<br><br><br><br>**COMPLAINT WITH JURY DEMAND** |

Now comes Plaintiff and for his Complaint against the Defendant Omnicare, Inc. hereby states as follows:

## I. THE PARTIES

1. Plaintiff Ray E. Earls, Jr. ("Earls") is a citizen of the State of Ohio residing in Hamilton County.

2. Plaintiff was employed by Omnicare, Inc. ("Omnicare") from October 16, 2008 through June 13, 2011 at which time Plaintiff was terminated from his employment with Omnicare.

3. Defendant Omnicare, Inc. is a Delaware corporation. The principle office of the corporation is located in Cincinnati, Ohio.

## II. JURISDICTION AND VENUE

4. This action arises under the False Claims Act, 31 U.S.C. §§ 3729, et seq.

5. Jurisdiction over this action is vested in this Court by 31 U.S.C. § 3732(a), 31 U.S.C. § 3730(h), and 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

6. Venue is proper in this district under 31 U.S.C. § 3732(a). The Defendant Omnicare can be found, resides, and transacts business within the district.

### III. STATEMENT OF FACTS

7. During the period of Plaintiff's employment with the Defendant, Plaintiff was a pharmacist.

8. While Plaintiff was employed, Plaintiff complained to Omnicare about certain business practices.

9. These complaints included the following:

   a. Omnicare continually misbranded certain drugs and charged the higher rate for the misbranded drug.

   b. Omnicare filled class 2 narcotics without a signed prescription from a physician or without an emergency verbal order from a physician.

   c. Plaintiff complained about the dispensing of Ativan liquid. Ativan is refrigerated and comes in 30ml calibrated glass bottles from the manufacturer. The warning label indicates that it cannot be dispensed in another container, but must be dispensed in the original container. Plaintiff was asked to dispense it in a different container than what was originally required.

   d. Omnicare is engaged in misbranding.

  e. Plaintiff complained about other issues to Defendant which are a violation of Federal Medicare laws and the False Claims Act.

10. Plaintiff states that the actions of the Defendant in discharging him were taken against him because of his foregoing complaints which constitute a violation of Chapters 31 U.S.C. §§ 3729, 3730, 3731 and 3732.

11. The actions of the Defendant are a violation of 31 U.S.C. § 3730(h).

12. As a direct and proximate result of the actions of the Defendant, Plaintiff is entitled to all relief as provided under 31 U.S.C. § 3730(h)(2).

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount to be determined at trial, for all relief as provided under 31 U.S.C. § 3730(h), for pre judgment interest, and any other additional relief to which he may be entitled. Plaintiff requests a trial by jury.

  RESPECTFULLY SUBMITTED,

/s/ Mark J. Byrne
**MARK J. BYRNE (0029243)**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Plaintiff
Cincinnati Club Building
30 Garfield Place, Suite 905
Cincinnati, OH 45202
Tele (513) 381-6600
Fax (513) 381-4150
E-Mail: mbyrne@jksmlaw.com

### JURY DEMAND

Plaintiff demands a trial by jury on all issues contained herein.

/s/ Mark J. Byrne
**MARK J. BYRNE (0029243)**
Attorney for Plaintiff

3